1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) 10-3015M |
|---|---|
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Kenrick Inglanton a.k.a. Laurn Lettsome, | ) |
| Defendant. | ) |

## INTRODUCTION

On January 20, 2010, Defendant Kenrick Inglanton was arrested in Phoenix, Arizona on a warrant and criminal complaint issued out of the United States District Court for the Northern District of Ohio, charging him with one count of False Statement in an application for a U.S. passport, in violation of 18 U.S.C. § 1542. This is a Class C felony with a maximum prison sentence of 10 years (in the case of the first or second such offense). (docket # 1) On that same day, Defendant appeared before the undersigned Magistrate Judge for his initial appearance, advice of rights pursuant to Rule 5(d)(1), FED.R.CRIM.P., and appointment of counsel, if necessary. Under penalty of perjury, Defendant signed a completed financial affidavit, entitled CJA Form 23,[1] indicating he had $8,000.00 in "cash

---

[1] "[U]se of CJA Form 23 is not mandatory. 18 U.S.C. § 3006A does not direct its use, but merely states, '. . . the United States magistrate judge or the court, if satisfied after appropriate inquiry. . . shall appoint counsel . . .' 18 U.S.C. § 3006A(b). Likewise, there is

on hand or money in savings or checking accounts." (docket # 3)

At the request of Government's counsel, Defendant was temporarily detained, pending a detention hearing. The Court set a status hearing two days later on the issues of identity and determination of counsel to allow Defendant's wife sufficient time to retain local counsel because Defendant was financially able to obtain counsel for his representation in this District Court. The Court was persuaded, however, by Deputy Public Defender Jeffrey A. Williams that Mr. Williams should be provisionally appointed to represent Defendant at a detention hearing because Defendant's wife would be unable to find a qualified lawyer on such short notice and Defendant should not be detained any longer than necessary due to the counsel issue. The detention hearing was set the next day, January 21, 2010 at 2:15 p.m., because Mr. Williams believed Defendant would be released from custody at the conclusion of the detention hearing. Mr. Williams suggested that the Court order Defendant to reimburse the Government for the time Mr. Williams spent representing Defendant before Defendant retained private counsel.

After the January 21, 2010 detention hearing, the Court detained Defendant, a native of Guyana, South America and currently under immigration removal proceedings, as a serious flight risk. Defendant then waived the next day's identity hearing, acknowledged on the record that he was the Defendant identified in the caption of the Ohio complaint, and reserved his right to a preliminary hearing in the prosecuting District. The U.S. Marshal Service was directed to immediately transport Defendant to the United States District Court for the Northern District of Ohio for further proceedings. Mr. Williams represented on the record that he had spent two hours in representing Defendant in this case. This order addresses the amount of money Defendant should pay for his public defender representation.

///

///

---

nothing in the Guide that requires its use." *United States v. Lexin*, 434 F.Supp.2d 836, 843-844 (S.D.Cal. 2006).

# CRIMINAL JUSTICE ACT

A review of the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, the *Guide to Judiciary Policy and Procedures* [2]("*Guide*"), and the relevant case law establish that a district judge or magistrate judge has the statutory authority to require a defendant to reimburse the Government for federal public defender or CJA representation if such defendant has the financial ability to do so. "Under 18 U.S.C. § 3006A(f), a district court may order full or partial reimbursement of attorney fees upon a finding that 'funds are available.'" *United States v. Danielson*, 325 F.3d 1054, 1076 (9th Cir. 2003). The statute provides:

> Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the . . . community defender organization which provided the appointed attorney . . . or to the court for deposit in the Treasury as reimbursement . . . .

18 U.S.C. § 3006A(f); *United States v. Lorenzini*, 71 F.3d 1489, 1494 (9th Cir. 1995) ("[A] reimbursement order is improper if the court fails to find that the defendant has the current ability to repay the government for his attorney fees.") (internal quotation marks omitted); *United States v. Seminole*, 882 F.2d 441, 444 (9th Cir. 1989) (a court may order reimbursement of court-appointed attorney fees "only if it finds that [the defendant] has the

---

[2] Volume 7, Chapter 2, Part A, Section 210.40.40 of the *Guide* provides, in pertinent part:

> [i]f a person's net financial resources and income . . . are in excess of the amount needed to provide the person and that person's dependents with the necessities of life . . . but are insufficient to pay fully for retained counsel, the judicial officer should find the person eligible for the appointment of counsel under the CJA and should direct the person to pay the available excess funds to the clerk of the court at the time of the appointment or from time to time thereafter.

*Guide to Judiciary Policy and Procedures*, Volume 7, Chapter 2, Part A, Section 210.40.40 (2010).

present ability to pay the fees."). "Such a finding must be based on the defendant's current assets, not on his ability to fund payment from future earnings." *Danielson*, 325 F.3d at 1077. The U.S. Attorney's Office, as the representative of the Government, has standing to pursue contribution under the CJA. *United States v. Tait*, 215 F.3d 1335 (9th Cir. 2000) (citing *United States v. Barger*, 672 F.2d 772, 774 (9th Cir. 1982)).

Section 3006A(f), however, does not specify how the district court should calculate fees. *United States v. Waldron*, 270 Fed.Appx. 531, 534 (9th Cir. 2008) (finding no error in calculating defendant's reimbursement to Government at CJA rates). There are few published district court cases in the Ninth Circuit analyzing reimbursement for appointed counsel. *United States v. Frandsen*, 2008 WL 5348235 (D.Mont. 2008) (an order for reimbursement of attorneys' fees under 18 U.S.C. § 3006A was not warranted); *United States v. Lexin*, 434 F.Supp.2d 836, 844-845 (S.D.Cal. 2006) (district court should not consider a defendant's individual retirement accounts in calculating defendant's ability to retain counsel or to reimburse Government for appointed counsel); *Ybarra v. Wolff*, 571 F.Supp. 209 (D.Nev. 1983) (defendant ordered to "pay to the Clerk of this Court for deposit in the Treasury of the United States as a reimbursement to the appropriation for carrying out the provisions of 18 U.S.C. § 3006A, the sum of $4,726.70."), *affirmed by* 817 F.2d 107 (9th Cir. 1987).

The district court's decision regarding reimbursement for appointed counsel under 18 U.S.C. § 3006A(f) is discretionary. *Frandsen*, 2008 WL 5348235 at *2 (citing *United States v. Bell*, 2007 WL 2303587, *2 (N.D.Ill. 2007) and *United States v. Embry*, 128 F.3d 584, 585 (7th Cir. 1997)). Moreover, CJA decisions made by district courts are administrative in nature and are not considered final appealable decisions within the meaning of 28 U.S.C. § 1291. *In re Smith*, 586 F.3d 1169, 1173 (9th Cir. 2009); *In re Baker*, 693 F.2d 925, 927 (9th Cir. 1982) ("[T]he district judge's certification of attorneys' fees is an administrative act, and is consequently not one of the 'final decisions' rendered appealable by 28 U.S.C. § 1291.").

# FINDINGS

The Court hereby makes the following findings of fact:

1. With $8,000.00 in the bank on January 20, 2010, Defendant has the present ability to reimburse and pay the Government for his court-appointed attorney's fees ordered herein. *Seminole*, 882 F.2d at 444.

2. Deputy Public Defender Jeffrey A. Williams spent two hours in representing Defendant in this felony case as Defendant's government-paid attorney.

3. Effective January 1, 2010, the rate of pay for felony representation by CJA private "panel" attorneys is $125.00 per hour for legal services provided on or after January 1, 2010. Consolidated Appropriations Act of 2010 (Pub. L. No. 111-117).

4. Neither Defendant nor his family will suffer hardship due to this reimbursement order.

5. The amount of money Defendant should reimburse the Government for Mr. Williams' representation is $250.00 ($125.00 x 2). *Waldron*, 270 Fed.Appx. at 534 (finding no error in calculating defendant's reimbursement to Government at CJA rates).

Accordingly,

**IT IS ORDERED** that Defendant shall pay to the Clerk of the United States District Court for the District of Arizona the sum of $250.00 on or before **Friday, February 26, 2010** for deposit in the United States Treasury as reimbursement for the appropriation in carrying out the provisions of 18 U.S.C. § 3006A. A cashier's check or money order, made payable to "United States District Court" shall be delivered to the Finance Department, First Floor, United States District Court for the District of Arizona, 401 W. Washington, SPC 1, Phoenix, Arizona 85003-2118.

The Clerk is directed to send a copy of this Order to Defendant, the United States Marshal Service, and all counsel of record.

DATED this 25th day of January, 2010.

Lawrence O. Anderson
United States Magistrate Judge

- 5 -